# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHELLY McDEVITT, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| *Plaintiff,* | § § | JURY TRIAL DEMANDED |
| v. | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) |
| LYONDELLBASELL ACETYLS, LLC | § § | CLASS ACTION PURSUANT TO |
| *Defendant.* | § | FED. R. CIV. P. 23(b) |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Shelly McDevitt ("Plaintiff" or "McDevitt") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for LyondellBasell Acetyls, LLC (hereinafter "LYB" or "Defendant"), at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while her Texas state law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the law of the State of Texas.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for LYB anywhere in the United States within their relevant statutes of limitations through the final disposition of this matter, and were not paid for all hours worked or the correct amount of overtime compensation in violation of federal law.

3. Specifically, LYB has enforced a uniform company-wide policy wherein it improperly compensated its non-exempt hourly employees—Plaintiff and the Putative Class Members—for their time spent during the "shift relief" or "turnover" between the day and night shifts—that is, the twenty to thirty minutes per shift during which each outgoing employee was required to brief and prep the incoming shift worker.

4. LYB's company-wide policies have caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further, to not receive overtime compensation at a rate of one had one half their regular rate of pay for all hours worked over forty (40) in a workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. LYB has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and therefore failed to provide the proper amount of overtime compensation on a routine and regular basis in the last three years.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Texas state-law claim as a class action

pursuant to Rule 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff McDevitt designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Shelly McDevitt ("McDevitt") was employed by LYB during the relevant time period. Plaintiff McDevitt did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former workers who were employed by LYB at any from January 28, 2016 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff McDevitt worked and was paid.

13. The Texas Class Members are those current and former workers who were employed by LYB at any time from January 28, 2015 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff McDevitt worked and was paid.

14. Defendant LyondellBasell Acetyls, LLC ("LYB" or "Defendant") is a foreign limited liability company, licensed to and doing business in Texas, and may be served with process through its registered agent: **CT Corporation System, 1999 Bryan St, Ste. 900, Dallas TX 75201-3136.**

---

[1] The written consent of Shelly McDevitt is hereby attached as Exhibit "A."

## III.
## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over LYB because the cause of action arose within this district as a result of LYB's conduct within this District and Division.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, LYB has maintained a working presence throughout the State of Texas and Plaintiff McDevitt worked in Corpus Christi, Texas throughout her employment with LYB, all of which are located within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. LYB is "one of the largest plastics, chemicals, and refining companies in the world" and "is the world's largest producer of polymer compounds."[2]

22. Plaintiff and the Putative Class Members' job duties consisted of monitoring various processes at LYB's plant to ensure those processes were operating within established parameters.

23. Plaintiff McDevitt was employed by LYB as a Process Technician from approximately January 1992 until January 2019.

24. Plaintiff and the Putative Class Members are non-exempt workers who are (and were) paid by the hour.

---

[2] https://www.lyondellbasell.com/en/about-us/

25. Plaintiff and the Putative Class Members worked approximately forty "on-the-clock" hours per week.

26. In addition to their forty "on-the-clock" hours, Plaintiff and the Putative Class Members have worked up to two (2) hours "off-the-clock" per week and have not been compensated for that time.

27. Specifically, Plaintiff and the Putative Class Members worked (and continue to work) on either the day or night shift, each of which is scheduled to be twelve (12) hours.

28. Regardless of which shift Plaintiff and the Putative Class Members are assigned, they were (and are) required to wait at their designated work station until the employee working the next shift arrives and then prep and brief that employee as to that day's work—this is referred to as "shift relief" or "turnover" at LYB.

29. Plaintiff and the Putative Class Members often spend twenty to thirty minutes each shift completing the "shift relief" or "turnover" after their shifts but have not been properly paid for this time in direct violation of the FLSA and Texas state law.

30. LYB has required Plaintiff and the Putative Class Members to perform the above-described post-shift responsibilities at the end of each work shift, every day that they have worked for LYB.

31. Plaintiff and the Putative Class Members' post-shift responsibilities are integral and indispensable to their core job duties.

32. Plaintiff and the Putative Class Members' post-shift responsibilities are not *de minimis* in nature.

33. Plaintiff and the Putative Class Members performed (and continue to perform) their daily post-shift responsibilities "off-the-clock" and without pay.

34. LYB knew and encouraged Plaintiff and the Putative Class Members to perform their daily post-shift responsibilities "off-the-clock" in violation of the FLSA.

35. LYB did not compensate (and does not fully compensate) Plaintiff and the Putative Class Members for performing their post-shift responsibilities "off-the-clock."[3]

36. As a result of LYB's failure to properly compensate Plaintiff and the Putative Class Members for performing their daily post-shift responsibilities "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated on a weekly basis.

37. In addition, LYB failed to make and keep records of all the hours worked by Plaintiff and the Putative Class Members in direct violation of the FLSA.

38. As a result of LYB's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their "shift relief" or "turnover" tasks "off the clock," Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA and Texas state law.

39. LYB knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

40. LYB has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff McDevitt.

41. LYB is aware of its obligation to pay for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members but has failed to do so.

---

[3] On information and belief, LYB began paying its employees for a portion of their "turnover" tasks sometime in 2017.

42. Because LYB did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, LYB's pay policies and practices violate the FLSA.

43. Because LYB did not pay Plaintiff and the Putative Class Members for all hours they worked on behalf of LYB, LYB's pay policies and practices also violate Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR LYONDELLBASELL ACETYLS, LLC, IN SHIFTS, AT ANY TIME FROM JANUARY 28, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

46. At all times hereinafter mentioned LYB, has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47. At all times hereinafter mentioned, LYB has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48. At all times hereinafter mentioned, LYB has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and

have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

49. During the respective periods of Plaintiff and the FLSA Collective Members' employment by LYB, these individuals provided services for LYB that involved interstate commerce for purposes of the FLSA.

50. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51. Specifically, Plaintiff and the FLSA Collective Members have been non-exempt employees who worked for LYB during the relevant time period and have been engaged in labor that is directly essential to the production of goods for LYB and its clients. 29 U.S.C. § 203(j).

52. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 45.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of LYB.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

55. LYB violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

without compensating such non-exempt employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56. Moreover, LYB knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

57. LYB knew or should have known its pay practices were in violation of the FLSA.

58. LYB is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

59. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted LYB to pay overtime in accordance with the law.

60. The decision and practice by LYB to not pay overtime was neither reasonable nor in good faith.

61. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of LYB's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

64. Other similarly situated employees have been victimized by LYB's patterns, practices, and policies, which are in willful violation of the FLSA.

65. The FLSA Collective Members are defined in Paragraph 45.

66. LYB's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of LYB and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

67. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

68. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and LYB will retain the proceeds of its rampant violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 45 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A. VIOLATIONS OF TEXAS COMMON LAW**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Plaintiff McDevitt further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

76. The Texas Common-Law Class is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR LYONDELLBASELL ACETYLS, LLC, IN THE STATE OF TEXAS, IN SHIFTS, AT ANY TIME FROM JANUARY 28, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

77. Plaintiff and the Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of LYB. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014) (recognizing that claims for unpaid "straight time" or "gap time" wages are not covered by the FLSA, and are instead recoverable according to state law legal theories).

78. Plaintiff and the Texas Common-Law Class Members provided valuable services for LYB, at LYB's direction and with LYB's acquiescence.

79. LYB accepted Plaintiff and the Texas Common-Law Class Members' services and benefited from their timely dedication to LYB's policies and adherence to LYB's schedule.

80. LYB was aware that Plaintiff and the Texas Common-Law Class Members expected to be compensated for the services they provided to LYB.

81. LYB has therefore been benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

## B. TEXAS COMMON-LAW CLASS ALLEGATIONS

82. Plaintiff McDevitt brings her Texas Common-Law Claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by LYB in Texas since January 28, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

83. Class action treatment of Plaintiff and the Texas Common-Law Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

84. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

85. Plaintiff McDevitt is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common-Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

86. Plaintiff McDevitt and her counsel will fairly and adequately represent the Texas Common-Law Class Members and their interests.

87. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

88. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 76.

## VI.
## RELIEF SOUGHT

89. Plaintiff respectfully prays for judgment against Nixon as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 45 and requiring LYB to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding LYB liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Texas Common-Law Class as defined in Paragraph 76 and designating Plaintiff McDevitt as the Class Representative of the Texas Common-Law Class;

e. For an Order pursuant to Texas common law awarding Plaintiff McDevitt and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

f. For an Order awarding the costs and expenses of this action;

g. For an Order attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff McDevitt a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of LYB, at LYB's expense; and,

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 28, 2019						Respectfully submitted,

                            **ANDERSON ALEXANDER, PLLC**

By:    /s/ *Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Federal I.D. No. 777114
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Lauren E. Braddy**
        Federal I.D. No. 1122168
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Federal I.D. No. 19259
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Federal I.D. No. 3101064
        Texas Bar No. 24101879
        carter@a2xlaw.com
        **George Schimmel**
        Federal I.D. No. 2338068
        Texas Bar No. 24033039
        geordie@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        ***Attorneys in Charge for Plaintiff and the Putative Class Members***